IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RYAN E. SEABRIDGE          :     CHAPTER 7
        Creditor          :
        vs.               :     Bankruptcy No. 25-12532-PMM
Annelise Fitzsimmons       :
        Debtor            :

## COMPLAINT SEEKING NONDISCHARGEABILITY
## OF DEBTOR AND OTHER RELIEF

Plaintiff, Ryan E. Seabridge, by and through his attorney, David M. Offen, Esquire, for his Complaint against Defendant, Annelise Fitzsimmons, states as follows:

### JURISDICTION

1.  This Court has jurisdiction over this adversary proceeding pursuant to the 28 U.S.C. §§ 157 (b)(2) and 1334(b), and this matter is a core proceeding.

2.  This adversary proceeding is brought pursuant to the Federal Rules of Bankruptcy Procedure 4003, 4004 and 4407, as well as, 11 U.S.C. §§ 522, 523, 727 and 1328.

3.  Plaintiff, Ryan E. Seabridge, is an individual residing in Titusville, New Jersey.

4.  Defendant, Annelise Fitzsimmons (the "Debtor"), is an individual who, on information and belief, maintains an address

in Bucks County, Commonwealth of Pennsylvania.

### **CAUSE OF ACTION**

5.   On June 24, 2025 (the "Filing Date"), the Debtor filed a
voluntary petition under Chapter 7 of United States
Bankruptcy Code in this Court.

6.   Prior to the Filing Date, the Debtor had been named in a
Civil Action filed in the Court of Common Pleas for Bucks
County, captioned "Ryan E. Seabridge, v. Annelise
Fitzsimmons" and being Case No. 2023-04686. The action was
for a civil intentional infliction of emotional distress.

7.   The Complaint from the Bucks County Action is attached as
"Exhibit A".

8.   A creditor's meeting was held on July 30, 2025 before
Trustee, Christine C. Shubert.

9.   Under the provisions of Rules 4004 and 4007 of the Federal
Rules of Bankruptcy Procedure, the Plaintiff has until 60 days
after the first day set for the Section 341 Meeting, or until
September 29, 2025, to file a Complaint regarding
dischargeability, and the Plaintiff under Rule 4002 of the
Federal Rules of Bankruptcy Procedure have until 30 days after
the filing of any amendment to the list or supplemental
schedules, to file an objection to the exemptions claimed by

the Debtor.

10.  On information and belief, the actions claimed in the Bucks County Common Pleas Complaint, namely intentional infliction of emotional distress, "Exhibit A" constitutes willful and malicious injury by the Debtor to the Plaintiff and are not subject to discharge in accordance with the provisions of Section 523(a)(6) and 11 U.S.C. Section 1328(a)(4)of the Bankruptcy Code.

11.  Paragraphs 8 through 13 of Plaintiff's Common Pleas Complaint aver the intentional infliction of emotional distress.

12.  The doctrines of Res Judicata and Collateral Estoppel apply, and the Debtor should not be allowed to ask for a discharge of this judgment based upon a willful and malicious injury.

**COUNT I**
**<u>DISCHARGEABILITY</u>**

13.  Plaintiff incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

14.  The forgoing actions complained of herein constitute grounds under Sections 523(a)(6), 727(a) and 1328(a)(4) for a denial of discharge to the Debtor.

## COUNT II
## <u>DISCHARGEABILITY OF DEBTS</u>

15. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

16. The actions complained of herein constitute grounds under Sections 523 and 1328 (a)(4) of the Bankruptcy Code of the disallowance of a discharge to the Debtor from her debts owed to the Plaintiff.

17. Plaintiff reserves the right to amend this Complaint after being given the opportunity to conduct discovery with respect to his matter which has heretofore improperly been denied to him.


**WHEREFORE,** Plaintiff respectfully requests that the Court enter a Judgment:

a. Finding that the Debtor is not entitled to a discharge under Section 727 of the Bankruptcy Code;

b. Concluding that the Debtor is not entitled to a discharge with respect to the debts owed to the Plaintiff in accordance with the provisions of Sections 523 and 1328(a)(4) of the Bankruptcy Code; and

c. A declaratory judgment that the claim made pending in the state Common Pleas action is non-dischargeable.

Respectfully Submitted,


Dated: 09/26/2025                    /s/ David M. Offen
                                     David M. Offen
                                     Attorney for Creditor/Plaintiff
                                     The Curtis Center
                                     601 Walnut Street, Suite 160 West
                                     Philadelphia, PA 19106
                                     215-625-9600
                                     info@offenlaw.com