**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re: Annelise Fitzsimmons,<br><br>*Debtor.* | Case No. 25-12532-pmm<br>Chapter 7 |
| Ryan Seabridge,<br><br>*Plaintiff,*<br><br>v.<br><br>Annelise Fitzsimmons,<br><br>*Defendant.* | Adversary No. 25-00212-pmm |

**Defendant's Motion to Dismiss Adversary Proceeding with Prejudice**

Defendant Annelise Fitzsimmons, through her attorney, moves under Fed. R. Bankr. P. 7012(b), Fed. R. Civ. P. 12(b)(6), and Local Bankr. R. 7005-1(b) to dismiss the complaint in the above matter for failure to state a claim upon which relief can be granted. In support of this Motion, the Defendant relies on the following memorandum of law.

**I.     Introduction**

This is an adversary proceeding in which the Plaintiff seeks a determination that certain alleged debts owed to him are nondischargeable under 11 U.S.C. §§ 523(a)(6) and 1328(a)(4), and requests that the Defendant's discharge be denied under 11 U.S.C. § 727(a). The Plaintiff fails to allege specific facts supporting these claims, instead relying on conclusory assertions and an attached state court complaint without pleading its relevance. These deficiencies warrant dismissal of this action in its entirety.

*[This space intentionally left blank.]*

## II.    Factual and Procedural Background

On June 24, 2025, the Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The meeting of creditors under 11 U.S.C. 341(a) was first scheduled for July 30, 2025, and was held and concluded on that date. On September 26, 2025, the Plaintiff filed a Complaint alleging that a debt related to a pending state court action for intentional infliction of emotional distress should be deemed nondischargeable, and that the Defendant's discharge should be denied in its entirety.

The Complaint does not plead any facts demonstrating grounds for relief under the Bankruptcy Code. It merely attaches a copy of the state court action as an exhibit and states, in conclusory fashion, that the Defendant's alleged conduct in paragraphs 8 through 13 of that document "constitute willful and malicious injury," without quoting, summarizing, or otherwise explaining further.

## III.    Legal Standard

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 545 (2007) (internal quotation marks omitted). The Court must dismiss complaints that fail to meet this standard. Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012).

When considering a motion to dismiss, the Court must "use[] its common sense and judicial experience," and "accept as true all allegations in the complaint and all reasonable inferences drawn from them," except for "[a]llegations that are mere conclusions." In re Millinghausen, 669 B.R. 580, 585 (Bankr. E.D. Pa. 2025). This requires that the Court (1) take note of the elements that must be pleaded to state a claim, (2) identify and then disregard

2

conclusory statements disguised as facts, and (3) decide whether all well-pleaded factual allegations (which the Court must assume are true) plausibly give rise to an entitlement to relief. In re Swarthmore Grp., 667 B.R. 258, 269 (Bankr. E.D. Pa. 2025) (citing Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)).

Conclusory statements are "naked assertions devoid of further factual enhancement," "labels and conclusions," and "formulaic recitation[s] of the elements of a cause of action." Iqbal, 556 U.S. at 678 (internal quotations and alterations omitted). The facts pleaded must show that a claim for relief is "plausible on its face." Id. Although a complaint need not show that a defendant probably acted unlawfully, it must show "more than a sheer possibility." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations omitted). If a complaint does not establish elements of a prima facie case, it must state facts that "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009).

IV.     **Argument**

The Complaint fails to state a claim and must be dismissed in its entirety. First, Count I does not adequately plead a basis for denying discharge under any subsection of Section 727(a), failing to provide the required specificity and factual support. Second, Count II does not sufficiently allege the elements of willful and malicious injury required under Section 523(a)(6), relying instead on conclusory statements and an inadequate incorporation of the state court complaint. Third, the Complaint's reliance on res judicata is misguided. Fourth, dismissal must be with prejudice because the manner in which the Complaint was pleaded makes amendment impossible.

3

    **A.    As a matter of law, Count I must be dismissed because it fails to state a claim upon which relief can be granted under Section 727.**

Count I demands relief under Section 727(a) without specifying which subsection forms the basis for the requested relief. By citing Section 727(a) generally, without alleging corresponding facts, the Plaintiff leaves the Defendant without adequate notice of the claim's foundation. This lack of specificity deprives the pleading of the factual plausibility required under <u>Twombly</u> and <u>Iqbal</u>, as each subsection demands distinct evidence of misconduct. Because the absence of such detail fails to meet the threshold for stating a claim, Count I must be dismissed.

The Plaintiff's citation of 11 U.S.C. § 1328(a) speaks for itself.

    **B.    As a matter of law, Count II must be dismissed because it fails to state a claim upon which relief can be granted under Section 523(a)(6).**

Count II demands relief under Section 523(a)(6), which prescribes that the Bankruptcy Code "does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." To prove a claim under this section, a plaintiff must show that (i) the debtor intentionally or purposefully inflicted, (ii) injury to another, (iii) that was wrongful, (iv) and without just cause or excuse. <u>In re Redmond</u>, ___ B.R. ___ (Bankr. E.D. Pa. 2025). Not every intentional tort rises to this standard. <u>Id.</u> Malice must be proven by presenting evidence of a defendant's state of mind while committing the injury. <u>Id.</u> It is not enough to show that the defendant was reckless or negligent. <u>Id.</u> (citing <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 64 (1998)).

Here, the Complaint fails to plead any facts related to the above elements. Instead, it offers only the threadbare assertion that the Defendant's actions as alleged in the state court lawsuit "constitute willful and malicious injury." That conclusory statement is insufficient under <u>Twombly</u> and <u>Iqbal</u>.

Further, the Complaint's reference to paragraphs of the state court complaint is not sufficient to state a claim. See Wallert v. Atlan, 141 F. Supp. 3d 258, 286 (S.D.N.Y. 2015). But even if incorporating the state court complaint by reference is procedurally sufficient, the burden of proving a Section 523(a)(6) claim is higher than the bar for proving intentional infliction of emotional distress under Pennsylvania law. In Pennsylvania, extreme and outrageous conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Cheney v. Daily News, 654 F. App'x 578, 583 (3d Cir. 2016) (quoting Hoy v. Angelone, 554 Pa. 134, 151 (1998)) (internal quotation marks omitted). Examples include "mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children." Cheney, 654 F. App'x at 583–84. A public allegation of adult sexual misconduct does not rise to that level, even if it is false. Id. at 584; Latulas v. Spotcrime.com, 2018 WL 11669974, at *2 (W.D.N.Y. Aug. 23, 2018) (citing Routh v. Univ. of Rochester, 981 F. Supp. 2d 184, 214-15 (W.D.N.Y. 2013); James v. DeGrandis, 138 F. Supp. 2d 402, 421 (W.D.N.Y. 2001)).

Because the allegations in the state court complaint do not reach the level of intentional infliction of emotional distress, they cannot reach the higher bar of a Section 523(a)(6) claim, especially because no facts are pleaded with respect to the Defendant's state of mind. At bottom, the plaintiff pleads no facts that show a claim for nondischargeability is plausible on its face. For that reason, Count II must be dismissed.

### C.     The Complaint's reliance on res judicata is just wrong.

Neither claim nor issue preclusion applies here because no judgment was entered in any earlier case.

**D.     Because the discharge objection deadline has passed, dismissal must be with prejudice.**

Although the Complaint was timely, the deadline to file a nondischargeability complaint and object to discharge passed on September 29, 2025. Because those deadlines have passed, Rule 15(c)(1)(B) requires that an amended complaint must relate back to the same conduct alleged in the original pleading. See Kontrick v. Ryan, 540 U.S. 443, 447–49 (2004). Because the Complaint did not properly plead any facts supporting a cause of action, there is no conduct for an amended Complaint to relate back to. Given that the Complaint lacks a factual foundation and the deadline has passed, any amendment would be futile. For that reason, the Complaint must be dismissed in its entirety, with prejudice.

**V.     Conclusion**

This lazily drafted, sloppily argued, and shamefully motivated Complaint must be dismissed because it fails to meet basic pleading standards, which leaves the Defendant without adequate notice of the claims against her.[1] It must be dismissed in its entirety, with prejudice.

Date: October 21, 2025

**SADEK LAW OFFICES LLC**
*Attorney for Defendant*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    1500 JFK Blvd., Suite 220
    Philadelphia, PA 19102
    215-545-0008
    michael@sadeklaw.com

---

[1] The Defendant intends to serve the Plaintiff's attorney, David M. Offen, with a motion for sanctions under Fed. R. Bankr. P. 9011 for misconduct related to signing and filing the Complaint. The Defendant requests that the Court retain jurisdiction over that motion upon dismissal of this proceeding.