UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re: ANNELISE FITZSIMMONS,          :   Case No. 25-12532-pmm
                Debtor    :   Chapter 7
                          :

---

RYAN SEABRIDGE,                       :
        Plaintiff                    :   Adversary No. 25-00212-pmm
                                      :
   vs.                                :
                                      :
ANNELISE FITZSIMMONS,                 :
        Defendant                    :

**PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE**

AND NOW comes Plaintiff, Ryan Seabridge (hereinafter "Plaintiff") and answers Defendant's Motion to Dismiss Adversary Proceeding with Prejudice as follows:

**I. INTRODUCTION:**

11 U.S.C Section 523(a)(6) provides as follows:

**(a)** A discharge under <u>section 727, 1141, 1192 1228(a), 1228(b), or 1328(b)</u> of this title does not discharge an individual debtor from any debt-

**(6)** for willful or malicious injury by the debtor to another entity or to the property of another entity.

Moreover, 11 U.S.C. Section 1328(a)(4) provides as follows:

**(a)** Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by

the plan or disallowed under section 502 of this title, except any debt-

**(4)** for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

On December 1, 2023, plaintiff filed a complaint in Bucks County Court of Common Pleas alleging, inter alia, that defendant intentionally inflicted emotional distress upon the plaintiff in which she falsely claimed to the police that she was raped by the plaintiff, intending to cause extreme emotional distress to plaintiff, knowing that her actions were false, malicious and intentional when she reported this to the police.

Plaintiff further alleged that the defendant both denied being raped and then alleged that she was raped and that the criminal charge of rape against the plaintiff was not prosecuted, all of which was intentional and resulted in emotional distress to the plaintiff. In fact, as alleged in the complaint, defendant asked plaintiff to have intercourse.

A copy of the state court complaint was attached to plaintiff's Request for Non-Dischargeability filed on September 26, 2025.

**II. FACTUAL AND PROCEDURAL BACKGROUND:**

In its Factual and Procedural Background, the defendant, in her Motion to Dismiss, asserts that the complaint [in the adversarial proceeding] does not plead any facts demonstrating grounds for relief in the Bankruptcy Code and then, seemingly in contrast, concedes that the defendant incorporates Paragraphs 8 through 13 of the State Court Complaint which was attached. In

fact, the entire State Court Complaint was attached.

Defendant asserts that plaintiff did not "summarize" or otherwise explain further. This assertion is unclear since the State Court Complaints including Paragraphs 8 through 13 do in fact adequately explain the allegations against the defendant read alone, and in *pari materia* with the rest of the complaint.

### III. LEGAL STANDARD:

While the legal standard propounded by the defendant in her Motion to Dismiss, are accurate assertions of the law, for the reasons previously asserted and which follow, plaintiff has more than adequately pled sufficient facts.

When considering a Motion to Dismiss, the court must "...accept as true all allegations in the complaint and all reasonable inferences drawn from them.". This does not include allegations that are mere conclusions. See In Re: Millinghausen, 669 B.R. 580, 585 (Bankr.E.D. Pa. 2025). Defendant argues that the allegations of plaintiff's (adversary) complaint are conclusory in nature. However, defendant does not explain how alleged facts such as contained in the complaint can possibly be considered as conclusory.

On October 12, 2025, the defendant filed with this court a Motion to Seal an Exhibit. In that motion the defendant falsely asserts that the adversarial complaint is filed for the purpose of harassing the defendant and needlessly increasing litigation costs. Just the opposite is true, plaintiff does not wish to prolong any proceeding but simply to be able to proceed with his case on the

intentional infliction count of his State Court Complaint. Exercising his right to try to do so is not only not harassment but completely within plaintiff's rights under the exceptions to discharge provided by the Code. Paragraphs 2 and 5 of the motion suggest that defendant will be conducting further investigation or discovery. Defendant's instant motion for dismissal suggests, it is respectfully submitted, that there was no further investigation or discovery. Yet, defendant apparently seeks to have this court ignore the assertions she made in her motion to seal an exhibit upon which that motion was granted by this court without proceeding with her alleged discovery.

Defendant filed a motion to dismiss Count II of her complaint in State Court (relating to negligent infliction of emotional distress) on the pleadings. A copy of said Motion is attached hereto as Exhibit A. While that motion was litigated and ultimately denied by the State Court, there was not even a State Court motion seeking to dismiss Count I of the complaint (Intentional Infliction of Emotional Distress) filed by the defendant within the time period to do so thereby waiving any argument as to the efficacy of the pleading for that Count.

IV. ARGUMENT:

The defendant argues that Count I of the adversarial complaint does not adequately plead a basis for denying discharge under any subsection of Section 727(a) for 1) failure to provide required specificity in factual support, 2) that Count II does not sufficiently allege the elements of willful and malicious injury required under Section 523(1)(6), and relying, instead on

conclusory statements and an inadequate incorporation of the state court complaint, 3) that the complaint's reliance on *res judicata* is misguided and 4) dismissal must be with prejudice because the manner in which the complaint was pleaded makes amendment impossible. Plaintiff will address these arguments in seriatim.

**A. Failure to state a claim upon which relief can be granted.**

As defendant concedes in its general argument, the state court complaint was incorporated into the adversarial proceeding. First, the state court complaint, itself, is highly specific and cannot possibly leave the defendant without adequate notice of the claim's foundation as she alleges. In fact, while defendant did contest the adequacy of the allegations relating to negligent infliction of emotional distress in State Court, she raised no issue whatsoever with respect to the pleading in Count I relating to intentional infliction. As defendant seems to feel that distinct evidence of misconduct is required, this court would need to schedule an evidentiary hearing. The discovery referenced in defendant's motion to seal an exhibit has not come to fruition. Therefore, Count I should obviously not be dismissed as it would deny plaintiff his rights provided by the Code.

**B. Failing to state a claim under Section 523(a)(6).**

The allegations of the complaint clearly show that the debtor intentionally or purposefully inflicted injury to another that was wrongful and without just cause or excuse and which resulted in emotional distress. See Redmond, B.R.  Bankr. E.D. Pa. 2025 and Kawaauhau vs. Geiger, 523 U.S. 57,64 (1998). Any evidence in this court can only be elicited through an evidentiary hearing.

Defendant asserts that incorporating paragraphs of the state court complaint is not sufficient to stay the claim citing, <u>Wallert vs. Atlan</u>, 141 F.Supp. 3d 258 (S.D.N.Y. 2015). However, that case involved a contract being attached to the complaint, not the paragraphs or assertions of a state court complaint. Therefore, <u>Wallert</u> is inapposite to the case at bar.

Defendant cites several cases for the proposition that the alleged conduct herein does not rise to the level of the type of conduct required under Section 523(a)(6). However, defendant has not, and apparently can not, cite any authority which would find that making the plaintiff herein not only the scorn of public admonition but, also, a criminal defendant and subject of a police complaint as here would not be sufficient conduct required under Section 523(a)(6). The allegations here are that defendant submitted a false report to the police resulting in criminal charges against the defendant putting him through practically unspeakable emotional distress. This is not a case of defamation or a newspaper report alone like defendant seems to want to mold the case into. Defendant's alleged actions were serious, extremely serious, resulting in extreme distress.

Defendant also points to cases in which a public allegation of adult sexual misconduct does not rise to the requisite level. If only that were the case here. Instead, defendant's extreme and outrageous conduct resulted in criminal charges making defendant's actions go well beyond all possible bounds of decency in a case of a consensual sexual encounter. Therefore, plaintiff has made a sufficient case for non-dischargeability and Count II must not be

dismissed.

C. *Res Judicata*:

Defendant claims that the complaint's reliance on *res judicata* "is just wrong." While plaintiff concedes that there is no judgment which currently exists, it is raised to preserve the issue.

D. **Dismissal With Prejudice**:

Defendant argues that because there was insufficient facts pled in the complaint that an amended complaint must relate back to the same conduct alleged in the original pleading and that since there was no sufficient conduct alleged in the original pleading an amendment would not be possible.

There is no amendment being sought because the original complaint more than alleges sufficient facts to maintain plaintiff's requested relief. Interestingly, defendant cites Kontrick vs. Ryan, 540 U.S. 443 (2004) in support of her position. However, while that case involved the waiver of the argument, it must be noted that the court asserts that "leave [to amend] shall be freely given when justice so requires," citing Fed. Rule Civ. Pro. 15(a) as made applicable by Fed. Rule Bkrtcy. Pro. 7015. Therefore, the complaint should not be dismissed.

V. **CONCLUSION**:

In view of the above, plaintiff respectfully requests that Defendant's Motion to Dismiss Adversary Proceeding with Prejudice be denied.

n.b. Attorney Craig A. Sopin, who represented plaintiff in the criminal charges against him and in the state court civil complaint, intends to enter his appearance on behalf of plaintiff in this proceeding.

Respectfully submitted:

/s/ David M. Offen
Attroney for Creditor/Plaintiff
The Curtis Center
601 Walnut Street, Suite 160-West
Philadelphia, PA 19106
215-625-9600
info@offenlaw.com