By: Konrad B. Jarzyna, Esquire
Attorney ID #92400
Pennsylvania Coalition to Advance Respect
2101 N. Front Street
Governor's Plaza North, Bldg #2
Harrisburg, PA 17110
(717) 497-3580
Attorney for Defendant

| | |
|---|---|
| RYAN E. SEABRIDGE,<br>　　　　Plaintiff | : IN THE COURT OF COMMON PLEAS<br>: OF BUCKS COUNTY,<br>: PENNSYLVANIA<br>: |
| vs. | : CIVIL ACTION – LAW<br>: |
| ANNELISE FITZSIMMONS,<br>　　　　Defendant | : NO. 2023-04686<br>:<br>: JURY TRIAL DEMANDED |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendant's Motion for Judgment on the Pleadings, it is hereby ORDERED and DECREED that said Motion is GRANTED and Count II of Plaintiff's Complaint is DISMISSED with prejudice.

　　　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　　　_____



By: Konrad B. Jarzyna, Esquire
Attorney ID #92400
Pennsylvania Coalition to Advance Respect
2101 N. Front Street
Governor's Plaza North, Bldg. #2
Harrisburg, PA 17110
(717) 497-3580
Attorney for Defendant

---

| | |
|---|---|
| RYAN E. SEABRIDGE,<br>    Plaintiff<br><br>vs.<br><br>ANNELISE FITZSIMMONS,<br>    Defendant | : IN THE COURT OF COMMON PLEAS<br>: OF BUCKS COUNTY,<br>: PENNSYLVANIA<br>:<br>: CIVIL ACTION – LAW<br>:<br>: NO. 2023-04686<br>:<br>: JURY TRIAL DEMANDED |

## MOTION OF DEFENDANT ANNELISE FITZSIMMONS FOR JUDGMENT ON THE PLEADINGS

Defendant, Annelise Fitzsimmons, hereby moves for judgment on the pleadings pursuant to Pennsylvania Rule of Civil Procedure 1034 and Bucks County Local Rule 1034(a). In support of this Motion, Defendant incorporates by reference the accompanying Brief and avers as follows:

**I.    FACTUAL AND PROCEDURAL HISTORY**

1. On December 1, 2023, Plaintiff, Ryan E. Seabridge ("Seabridge"), filed a Complaint against Defendant, Annelise Fitzsimmons ("Fitzsimmons"), asserting two claims for Intentional Infliction of Emotional Distress (Count I) and Negligent Infliction of Emotional Distress (Count II).

2. Seabridge alleges that he suffered and continues to suffer, among other things, "extreme stress and depression requiring psychological intervention," because

Fitzsimmons, falsely accused him of raping her on or about July 1, 2022, and the criminal investigation that ensued thereafter.

3. Seabridge does not aver that Fitzsimons had a contractual or fiduciary duty to him.

4. Seabridge does not aver that he has suffered a physical impact as a result of Fitzsimmon's alleged actions.

5. Seabridge does not aver that he was in a "zone of danger" and at risk of an immediate physical injury by Fitzsimmons.

6. Seabridge does not aver that he has observed a close relative suffering an injury caused by Fitzsimmons.

7. On December 20, 2023, Fitzsimmons filed an Answer and New Matter to Seabridge's Complaint including affirmative defenses.

8. On December 21, 2023, Seabridge filed an answer to Fitzsimmon's New Matter.

9. All relevant pleadings are closed and the within Motion does not cause unnecessary delays in the within action.

II. **ARGUMENT**

10. Rule 1034 of the Pennsylvania Rules of Civil Procedure allows a court to award a party judgment on the pleadings after the pleadings are closed, but within such time as not to delay trial.

11. A motion for judgment on the pleadings is similar to a demurrer and should be entered where there are no disputed issues of fact, and the moving party is entitled to judgment as a matter of law. See Miketic v. Baron, 675 A.2d 324, 326-27 (Pa. Super. Ct. 1996).

12. A demurrer should be sustained where the facts alleged are insufficient to

establish the plaintiff's right to relief. <u>HCB Contractors v. Libert Place Hotel Assocs.</u>, 652 A.2d 1278, 1279 (Pa. 1995).

13. In deciding a motion for judgment on the pleadings under Pa.R.C.P. No. 1034, a court "must confine its consideration to the pleadings and relevant documents." <u>Consolidation Coal Co. et. al. v. White</u>, 875 A.2d 318, 325 (Pa. Super. 2005).

14. All the factual averments herein are taken from the pleadings, which are closed.

15. "In Pennsylvania, a claim of negligent infliction of emotional distress is limited to four factual scenarios, which are as follows: (1) Defendant had a contractual or fiduciary duty to Plaintiff; (2) Plaintiff suffered a physical impact; (3) Plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) Plaintiff had a contemporaneous perception of tortious injury to a close relative." <u>Doe v. Philadelphia Community Health Alternatives AIDS Task Force</u>, 745 A.2d 25, 27-28 (Pa. Super. 2000).

16. In his Complaint, as noted above, Seabridge does not aver any facts that meet any of the above-listed requirements/scenarios.

17. Seabridge's allegations are limited to Fitzsimmons, a stranger with no duty to Seabridge, falsely accusing him of rape for which he was criminally charged, and those charges were later withdrawn, and him, consequently, suffering emotional and financial consequences.

18. The Court should accordingly grant Fitzsimons's motion for judgment on the pleadings and enter a judgment in favor of her, therefore, dismissing Count II of his Complaint.

WHEREFORE, Defendant, Annelise Fitzsimmons, respectfully requests that the Court grant her Motion for Judgment on the Pleadings, dismiss Count II of Plaintiff's Complaint with prejudice, and grant her all additional relief to which she is entitled.

Respectfully Submitted,

/s/ Konrad Jarzyna
Konrad B. Jarzyna
*Attorney for Defendant Annelise Fitzsimmons*