# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re: Annelise Fitzsimmons,<br><br>*Debtor*. | Case No. 25-12532-pmm<br>Chapter 7 |
| Ryan Seabridge,<br><br>*Plaintiff*,<br><br>v.<br><br>Annelise Fitzsimmons,<br><br>*Defendant*. | Adversary No. 25-00212-pmm |

**Defendant's Reply to Plaintiff's Objection to Motion to Dismiss**

Defendant Annelise Fitzsimmons, through her attorney, respectfully submits this Reply to the Objection filed by Plaintiff Ryan Seabridge to her Motion to Dismiss Adversary Proceeding with Prejudice. For the reasons set forth in the Motion and below, this adversary proceeding must be dismissed with prejudice.

**I.    Background**

The Defendant commenced this chapter 7 case by filing a voluntary petition on June 24, 2025. Before the bankruptcy was filed, the Plaintiff commenced a civil action against the Defendant in the Bucks County Court of Common Pleas alleging intentional infliction of emotional distress based on his contention that the Defendant made a false report of rape. That action was stayed by the Defendant's bankruptcy before a judgment could be entered.

On September 26, 2025, the Plaintiff initiated this adversary proceeding by filing a two-count Complaint seeking denial of the Defendant's discharge under 11 U.S.C. § 727(a) and a determination that the Plaintiff's tort claim is excepted from discharge under 11 U.S.C. §

523(a)(6). Rather than pleading specific bankruptcy-related misconduct or a short and plain statement of a "willful and malicious injury" claim, the Complaint cites Section 727 in general, makes mostly conclusory statements in support of the Section 523(a)(6) claim, invokes 11 U.S.C. § 1328(a)(4) despite this being a chapter 7 case, and relies almost entirely on incorporation of the Bucks County complaint as an exhibit rather than directly pleading allegations.

The Defendant moved to dismiss the adversary proceeding with prejudice under Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012) on the grounds that (i) Count I does not identify any subsection of Section 727(a) or allege conduct falling within any of its twelve limited grounds for denial of discharge, and (ii) Count II does not allege facts that, even if true, would establish a debt nondischargeable under Section 523(a)(6). On November 13, 2025, the Plaintiff filed an Objection that simply reiterates the existing allegations and begs the Court to infer viable claims where none have been pleaded.

## II.  Argument

### A.  Count I must be dismissed because the Plaintiff still has not specified a cause of action under 11 U.S.C. § 727(a).

The Complaint alleges grounds for relief under Section 727(a) generally, without identifying any specific subsection. But in any event, the factual allegations pleaded, taken as true, do not describe conduct that corresponds to any of the twelve discrete grounds for denial of discharge that Section 727(a) enumerates. For example, the Complaint does not allege that the Defendant:

  i.   is not an individual;

  ii.  intentionally hid, transferred, destroyed, or concealed property within 1 year before filing or property of the estate after filing;

    iii.    concealed, destroyed, falsified, or failed to keep adequate financial records without justification;

    iv.    knowingly and fraudulently made a false oath, presented a false claim, gave or received a bribe, or withheld required records in the case;

    v.    failed to satisfactorily explain any loss or shortage of assets;

    vi.    refused to obey a lawful court order or to answer material questions or testify;

    vii.    committed any of the acts listed above within one year before filing or during the case in connection with an insider's bankruptcy;

    viii.    already received a chapter 7 or 11 discharge in a case filed within the last eight years;

    ix.    received a chapter 12 or 13 discharge in a case filed within the last six years;

    x.    executed a post-petition written waiver of discharge that the court approved;

    xi.    failed to complete the required post-filing financial management course; or

    xii.    is subject to the homestead exemption cap under 11 U.S.C. § 522(q) with a related felony or civil case still pending.

Because the Plaintiff has failed to plead a plausible basis on which to deny the Defendant a discharge, Count I must be dismissed.

**B.    Count II must be dismissed because the Plaintiff has still not pleaded a plausible claim under 11 U.S.C. § 523(a)(6).**

A well-pleaded claim for relief under Section 523(a)(6) must allege that (i) the debtor intentionally or purposefully inflicted, (ii) injury to another, (iii) that was wrongful, (iv) and without just cause or excuse. In re Redmond, ___ B.R. ___ (Bankr. E.D. Pa. 2025). The Objection does nothing to fill a gaping hole: the Complaint does not actually plead a Section 523(a)(6) claim. It just cites the statute, points to the state court complaint, and pronounces that the "actions claimed" there "constitute willful and malicious injury." Compl. at 3.

But even if the Court reads the state court complaint into the Complaint, the actions pleaded still do not support relief under Section 523(a)(6). It only alleges that the Defendant

3

initially treated the encounter as consensual, but later "false[ly], malicious[ly], and intentional[ly]" reported rape "to shield herself from . . . shame" while "knowing that her . . . actions would cause extreme emotional distress, embarrassment and humiliation" to the Plaintiff. Compl. Ex. A at 4. These allegations are framed in the kind of conclusory labels that Twombly and Iqbal forbid. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

Even if those conclusory statements are taken as well-pleaded, they still do not include the essential element that the injury itself was intentionally or purposefully inflicted. The Plaintiff's only specific allegation about the Defendant's state of mind is that she allegedly cried rape to shield herself from shame (whatever that means). Read in the light most favorable to the Plaintiff, that allegation describes self-protective conduct undertaken without regard to the harm she knew or should have known that the Plaintiff would suffer. At most, the Defendant acted with reckless indifference. But reckless conduct does not satisfy Section 523(a)(6)'s willful and malicious standard, which requires a debtor to have acted with intent to cause a specific injury. Redmond, ___ B.R. at ___ (citing Kawaauhau v. Geiger, 523 U.S. 57, 64 (1998)). If the Defendant, as the Plaintiff alleges, acted to shield herself from shame, then by his own theory she did not act with the intent to cause injury.

Because the Complaint does not allege that the Defendant acted with the intent to cause injury (and actually alleges the opposite), Count II must be dismissed.

**III.    Conclusion**

At bottom, the Complaint relies on conclusory buzzwords and incorporations by reference rather than pleading a coherent theory under Sections 727(a) and 523(a)(6). Faced with a detailed Motion spelling out these defects, the Plaintiff doubled down rather than amending the Complaint

4

to cure them. For those reasons, the Complaint does not state a claim upon which relief can be granted and must be dismissed in its entirety, with prejudice.

Date: November 28, 2025                              **SADEK LAW OFFICES LLC**
                                                     *Attorney for Defendant*

                                                     By: /s/ Michael I. Assad
                                                         Michael I. Assad (#330937)
                                                         1500 JFK Blvd., Suite 220
                                                         Philadelphia, PA 19102
                                                         215-545-0008
                                                         michael@sadeklaw.com