UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Annelise Fitzsimmons, | : | Chapter 7 |
| Debtor | : | Bky. No. 25-12532 PMM |
| | : | |
| Ryan E. Seabridge, | : | |
| Plaintiff | : | |
| v. | : | Adv. 25-0212 |
| Annelise Fitzsimmons, | : | |
| Defendant | : | |

### ORDER GRANTING MOTION TO DISMISS

**AND NOW**, upon consideration of the Defendant Annelise Fitzsimmons' Motion to Dismiss with Prejudice (doc. no. 12, the "Motion") and the Response thereto (doc. #20), it is hereby **ORDERED** that:

1) The Motion is **granted** in part and **denied** in part; *

2) This Adversary Proceeding is hereby **dismissed without prejudice**;

3) The Plaintiff may file an amended complaint, if he chooses, on or before **January 6, 2026**; and

4) The Defendant's Motion to Set Hearing (doc. #22) is **denied**.

*/s/ Patricia M. Mayer*

**Date: 12/2/25**

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**

* <u>**E N D  N O T E**</u>

The Complaint purports to seek a determination of nondischargeability pursuant to 11 U.S.C. §523(a)(6), 11 U.S.C. §1328(a)(4), and 11 U.S.C. §727(a) in connection with a state court lawsuit (the "State Court Complaint") filed in 2023 by the Plaintiff, Ryan Seabridge. The State Court Complaint states a claim for intentional infliction of emotional distress and was stayed by the bankruptcy proceedings.

\*   \*   \*   \*

The standard on a motion to dismiss is well known. Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the factual allegations of the complaint. The Defendant is entitled to relief only if the compliant does not state a claim that is plausible on its face.

In determining a motion to dismiss, the court uses its common sense and judicial experience. The court is required to accept as true all allegations in the complaint and all reasonable inferences drawn from them. Allegations that are mere conclusions are not entitled to the assumption of truth. <u>See Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010); <u>In re Island View Crossing II, L.P.</u>, 604 B.R. 181, 189 (Bankr. E.D. Pa. 2019).

\*   \*   \*   \*

Upon review of the facts and law, the Court determines that the Complaint in this Adversary Proceeding fails adequately to state claims on which relief may be granted and, therefore, will be dismissed. However, because the right to amend should be liberally granted, <u>Alston v. Parker</u>, 363 F.3d 229, 237 (3d Cir. 2004), the Plaintiff will have an opportunity to replead.

There are two (2) flaws with the Complaint, each of which warrants dismissal.

First, the statutory basis for the relief sought is unclear.  The Complaint mentions Bankruptcy Code sections 522, 523(a)(6), 727, and 1328(a)(4).  Given the content of the State Court Complaint and the fact that this is not a chapter 13 case, the Court presumes that the Plaintiff wishes to proceed only under section 523(a)(6).  But it is not the Court's - or the Defendant's - job to parse the esoteric language of the pleading; a short and plain statement is required.  See F.R.C.P. 8.  Such an account has not been provided.

The second reason that dismissal is appropriate is that facts which may sustain a *prima facie* nondischargeability cause of action are not contained in the Complaint itself. The Plaintiff asks us to look at the attached State Court Complaint, see Response at 5.  But detailed and sufficient allegations must be clearly laid out *in the Complaint itself*, not in a related document. In re Foistner, 2018 WL 3532900, at *2 (Bankr. D.N.H. July 20, 2018) (finding that the incorporation of a state court complaint does not bolster the adversary complaint); In re Geiger, 446 B.R. 670, 680 (Bankr. E.D. Pa. 2010) ("The Complaint itself [is] . . . wholly insufficient. . . Putting together the puzzle of matching the bare-bones allegations with the meat of the attached materials is the job of the Plaintiffs, not of the Debtor or the Court.")